PER CURIAM.[1]
Reginald A. Patterson and Diana V. Patterson appeal from a judgment in favor of GMAC Mortgage, LLC (“GMAC Mortgage”). We vacate the judgment of the trial court and dismiss the appeal.
On September 4, 2007, GMAC Mortgage brought an ejectment action against the Pattersons. GMAC'Mortgage alleged that the Pattersons had mortgaged their house located on Southcrest Trail in Bessemer (“the house”) to Option One Mortgage Corporation (“Option One”), that Option One had transferred the mortgage to GMAC Mortgage, that GMAC Mortgage had foreclosed the mortgage on August 7, 2007, and that GMAC Mortgage was the owner of the house by virtue of the foreclo^ sure- sale. GMAC Mortgage further alleged that it had made a written demand for possession of.the house in accordance with § 6-5-251(a), Ala.Code 1975,[2] and that the Pattersons had not vacated the *841 house. As relief, GMAC Mortgage sought possession of the house, damages for wrongful detention of the house, and a determination that the Pattersons had forfeited their right to redeem the house by failing to vacate it within 10 days after GMAC Mortgage demanded possession.[3] Answering, the Pattersons asserted, among other things, that the foreclosure was unlawful. They also asserted a counterclaim seeking a determination that the foreclosure was unlawful.
GMAC Mortgage moved for a summary judgment and later supplemented its .summary-judgment motion with additional evidence. The Pattersons submitted evidence in opposition to the summary-judgment motion.
The evidence submitted by GMAC Mortgage in support of its summary-judgment motion included the foreclosure deed purporting to convey title to the house to GMAC Mortgage. The foreclosure deed recites that GMAC Mortgage accelerated the debt secured by the mortgage.[4] The foreclosure deed also recites that GMAC Mortgage gave notice of the foreclosure of the mortgage in a newspaper of general circulation in Jefferson County on May 19, May 26, and June 2, 2007, and that GMAC Mortgage foreclosed the mortgage on August 7, 2007. The evidence submitted by GMAC Mortgage also included a written assignment executed by Option One on August 6, 2007, in which Option One assigned the mortgage to GMAC Mortgage.
Following a hearing, the trial court entered an order granting GMAC Mortgage’s summary-judgment motion insofar as it sought a determination that the foreclosure was valid but denied the motion in all other respects on the ground that a genuine issue of material fact existed regarding whether the Pattersons had received notice of GMAC Mortgage’s demand for possession of the house after the foreclosure. '
Following a bench trial’ regarding the issue whether the Pattersons had received notice of GMAC Mortgage’s demand for possession, the trial court entered a judgment (1) finding that GMAC Mortgage had given the Pattersons notice of its demand for possession, (2) ordering the Pattersons to deliver possession of the property to GMAC Mortgage; and (3) ruling that the Pattersons had forfeited their right to redeem the property; however, the trial court did not award any damages for wrongful detention of the property. The Pattersons timely appealed to the supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
On appeal, the Pattersons assert, among other things, that the trial court erred in determining that the foreclosure was valid. While the Pattersons’ appeal was pending, this court delivered its decision in Sturdivant v. BAC Home Loans, LP, 159 So.3d 15 (Ala.Civ.App.2011). In Sturdivant, BAC Home Loans, LP (“BAC”), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant’s house before the mortgage had been assigned to BAC. BAC then held a foreclosure sale at which it purchased Sturdivant’s house, and the auctioneer executed a foreclosure deed purporting to convey title to Sturdivant’s house to BAC. BAC was assigned the mortgage the same day as the foreclosure *842 sale. Thereafter, BAC brought an ejectment action against Sturdivant, claiming that it owned title to her house by virtue of the foreclosure deed. After the trial court entered a summary judgment in favor of BAC, Sturdivant appealed to the supreme court, which transferred her appeal to this court. We held that BAC lacked authority to foreclose the mortgage because it had not been assigned the mortgage before it initiated foreclosure proceedings and that, therefore, the foreclosure and the foreclosure deed were invalid. We further held that, because the foreclosure and the foreclosure deed were invalid, BAC did not acquire legal title to Sturdivant’s house through the foreclosure deed and thus BAC did not own an interest in the house when it commenced its ejectment action. We further held that, because BAC did not own any interest in Sturdivant’s house when it commenced its ejectment action, BAC did not have standing to bring that action and, consequently, the trial court never acquired subject-matter jurisdiction over the ejectment action. Because BAC did not have standing to bring its ejectment action and the trial court never acquired jurisdiction over the ejectment action, we held that the judgment of the trial court was void, and we vacated that judgment. Moreover, because a void judgment will not support an appeal, we dismissed the appeal.
In the case now before us, GMAC Mortgage, like BAC in Sturdivant, had not been assigned the mortgage before it initiated foreclosure proceedings. Consequently, under our holding in Sturdivant, GMAC Mortgage lacked authority to foreclose the mortgage when it initiated the foreclosure proceedings, and, therefore, the foreclosure and the foreclosure deed upon which GMAC based it ejectment claim are invalid. Moreover, under our holding in Sturdivant, because GMAC Mortgage did not own any interest in the house, it lacked standing to bring its ejectment action against the Pattersons. Because GMAC Mortgage lacked standing to bring the ejectment action, the trial court never acquired subject-matter jurisdiction over the ejectment action. Accordingly, the judgment of the trial court is void and is hereby vacated. Moreover, because a void judgment will not support an appeal, we dismiss this appeal. Id.
JUDGMENT VACATED; APPEAL DISMISSED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result, with writing.
BRYAN, J., dissents, with writing.

. Because of the issues involved, this appeal was held in abeyance pending the adjudication of the appeal in Sturdivant v. BAC Home Loans Servicing, LP, 159 So.3d 15 (Ala.Civ. App.2011).

. Section 6-5-251(a) provides:
"The possession of the land must be delivered to the purchaser or purchaser’s transferees by the debtor or mortgagor if in their possession or in the possession of anyone holding under them by privity of title, within 10 days after written demand for the possession has been made by, or on behalf of,’ the purchaser or purchaser’s transferees.’’

. Section 6-5-251(c), Ala.Code 1975, provides:
"Failure of the debtor or mortgagor or anyone holding possession under him or her to comply with the provisions of this section forfeits the right of redemption of the debt- or or one holding possession under the debtor.”

. The Pattersons deny that they received notice of the acceleration of the debt.